UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIFFANY FAULKNER, )<br>       Plaintiff, )<br>       )<br>   v.                             )<br>       )<br>HOOK-SUPERX LLC d/b/a )<br>CVS PHARMACY, )<br>       Defendant. ) | CAUSE NO.: 4:18-CV-73-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy's Motion for Summary Judgment [DE 42] filed on September 15, 2020. Plaintiff Tiffany Faulkner filed a response on February 21, 2021, and Defendant filed a reply on March 5, 2021. For the following reasons, the Court denies the motion.

**SUMMARY JUDGMENT STANDARD**

Rule 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find" for the non-movant. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations omitted). To demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R.

Civ. P. 56(e)). In viewing the facts presented, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Plaintiff alleges that she was seriously injured while she was a customer at a CVS store "when her foot was caught in a chair next to the blood pressure machine she was using" and that the chair "was negligently placed too close to the blood pressure machine by the defendant." (Compl. ¶ 2, ECF No. 1-1). Plaintiff sues Defendant on the basis of premises liability for the allegedly dangerous and unsafe condition presented by the placement of the chair. *Id.* at ¶¶ 3, 6.

Plaintiff testified at her deposition as follows. She had been to this specific CVS location before and had the opportunity to view the chair and blood pressure machine before the incident. (Def.'s Ex. B 64:3-20, 73:12-20, ECF No. 43-2). The machine and the chair were only "inches" apart. *Id.* at 102:2-13. The blood pressure machine was facing the wall, so a person approaching the machine would be facing the machine and the chairs beside it, and a person exiting the machine would need space to turn around 180 degrees in the space between the machine and the chair in order to exit. (Pl.'s Ex. 1, 106:1-23, ECF No. 54-1). This was the case for Plaintiff when she used the machine. *Id.* at 113:21-114:8. She was able to approach and sit down at the machine without incident. *Id.* at 84:2-4, 102:18-21. However, the placement of the chair and the machine did not provide sufficient space for Plaintiff to execute the 180 degree turn, and when she attempted to

2

turn around, her foot became wedged between the machine and the chair, the leg of which "hooked" her foot, and she fell. *Id.* at 84:12-14; 89:1-11.

Defendant retained William M. Norman as an expert, and he opined that "the placement of the chair in the pharmacy did not present a dangerous condition or unreasonable risk of harm at the CVS to an individual who is capable of observing the chair and the conditions." (Def.'s Ex. E, 4, ECF No. 43-5).

**ANALYSIS**

To prevail on her negligence claim against Defendant, Plaintiff must prove (1) Defendant owed Plaintiff a duty, (2) Defendant breached that duty, and (3) the breach proximately caused injury to Plaintiff. *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005) (citing *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000)). "A negligence action is rarely an appropriate case for disposal by summary judgment because issues of negligence, causation, and reasonable care are most appropriately left for a determination of the trier of fact." *Mayfield v. Levy Co.*, 833 N.E.2d 501, 505 (Ind. Ct. App. 2005) (internal quotation marks omitted) (quoting *Guy's Concrete, Inc. v. Crawford*, 793 N.E.2d 288, 293 (Ind. Ct. App. 2003)).

Here, the claim of negligence is based on allegations of injury due to a dangerous condition on Defendant's premises. Under Indiana law of premises liability,

> any possessor of land may be held liable if it: (1) knew that the condition existed and realized that it represented an unreasonable danger to the invitee, or should have discovered the condition and its danger; (2) should have expected that the invitee would not discover or realize the danger of the condition, or would fail to protect herself against it; and (3) failed to use reasonable care to protect the invitee against the danger.

*Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982, 986 (Ind. Apr. 7, 2021) (citing Restatement (Second) of Torts § 343 (1965)). This is the duty Defendant owed to Plaintiff. The

3

parties agree regarding the law of premises liability and do not dispute that Plaintiff was Defendant's business invitee. The disagreement between the parties is focused on whether the placement of the chair constituted a "dangerous condition" such that the duty was breached.

Plaintiff contends that the placement of the chair created a dangerous condition and created an unreasonable risk of harm, thereby breaching Defendant's duty to Plaintiff. Defendant disputes this contention. Defendant also argues that the placement of the chair was open and obvious. Defendant further asserts that the design of the chair is not dangerous. On this point, Plaintiff agrees and brings no argument of negligence regarding the chair's design.

Whether the placement of the chair in relation to the blood pressure machine created a dangerous condition is a question of fact. Defendant has presented expert testimony on the issue, and Plaintiff has not presented expert testimony in response, but expert testimony is not needed. Determining whether two pieces of furniture are placed so as to present a tripping hazard is not an area of specialized knowledge. Defendant's expert states in his affidavit that "[t]here was a narrow space between the chair and the bench but ample space to step between the chair and the bench without having to move the chair." (Def.'s Ex. D, ¶ 9, ECF No. 43-4). The video of Plaintiff's fall shows the area of the pharmacy where the incident occurred. Interestingly, there was what appears to be a promotional stand along the same wall as the blood pressure machine and chairs at the time of the incident that was not there when the photographs accompanying Defendant's expert report were taken. *Compare* (Def.'s Ex. C, ECF No. 43-3 (video)) *with* (Def.'s Ex. E at 5, ECF No. 43-5 (photographs)).

Plaintiff testified that the chair and the blood pressure machine were only "inches" apart. (Dep. 102:9-13, ECF No. 54-1). Though Plaintiff was able to enter the chair without incident, she testified that that was "[b]ecause when I was stepping in I was walking forward and I was sitting

4

– I stepped in, I walked forward, and I stepped in facing the wall. But when I stepped out, in order to step out I have to stand up, turn around, and then walk back out." (Dep. 114:2-8, ECF No. 54-1). From this evidence, a reasonable juror could determine that the narrow space between the chair and the machine was a dangerous condition on Defendant's premises because it did not provide ample space for a person to turn around to exit the machine. Defendant's expert provides relevant information on the topic but does not negate the existence of a genuine issue regarding whether a dangerous condition existed.

Assuming for the moment that the chair placement was a dangerous condition, there is also a question regarding whether Defendant should have expected that Plaintiff would not discover or realize the danger of the chair's placement or would fail to protect herself against that danger. It is true that Plaintiff had the opportunity to observe the chair's proximity to the blood pressure machine. However, though a person would walk forward into the blood pressure machine booth, to leave the booth a person must either back out of the booth or rotate 180 degrees. Would it be reasonable to expect that nobody would use a blood pressure machine due to the possibility of tripping over a chair placed "inches" from the machine? After entering the booth and having one's blood pressure taken, would it be reasonable to expect a person to remember the placement of the chair and recognize and protect oneself against the danger it presents upon exiting the booth, given the need to turn around or back out of the booth? These, too, are questions for the jury to decide. *See Parker v. Morgan*, 912 N.E.2d 449 (table), 2009 WL 2705930, at *5 (Ind. Ct. App. Aug. 28, 2009)

Defendant argues that it is entitled to summary judgment because Plaintiff did not respond to its argument that the chair was open and obvious. However, even if the chair was open and obvious, Defendant would nonetheless be in breach of its duty if it should have expected that

Plaintiff would fail to protect herself against it, which the Court found, above, is a question for the jury to resolve. *See id*.

Defendant argues that Plaintiff has not shown that Defendant had notice of the chair and its dangerousness. Actual notice of a dangerous condition is not necessary—it is sufficient if Defendant "should have discovered the condition and its danger." *Branscomb*, 165 N.E.3d at 986. However, Defendant also argues that the condition presented by the chair "was both known and obvious." (Def.'s Mem. 15, ECF No. 43). In light of the evidence of the furniture placement, the Court cannot say no reasonable juror would find that Defendant should have discovered the condition and its danger.

Defendant also raises the issue of comparative knowledge, but comparative knowledge is also a matter for the jury to decide. *See Smith v. Baxter*, 796 N.E.2d 242, 245-46 (Ind. 2003). Defendant cites the unpublished Indiana appellate decision in *Servies v. Kroger Co.* to support its request for summary judgment, but *Servies* was on appeal after a bench trial, not after a ruling on summary judgment. 32 N.E.3d 282 (table), No. 54A01-1408-PL-363, 2015 WL 1875864 (Ind. Ct. App. Apr. 22, 2015). The *Servies* trial court, after bench trial, was tasked with resolving questions of fact, something that is not available to the Court here in ruling on a motion for summary judgment. The evidence provided by the parties do not support only a single conclusion; they present a genuine issue of material fact, which the Court cannot resolve on summary judgment.

Defendant does not argue that Plaintiff cannot meet her burden to show that her injury was proximately caused by tripping over the chair, so the Court need not examine this element of a negligence action.

## CONCLUSION

Because a genuine issue of material fact exists regarding whether Defendant breached its duty to Plaintiff, the Court hereby **DENIES** Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy's Motion for Summary Judgment [DE 42].

SO ORDERED on May 5, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT