# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIFFANY FAULKNER, <br>     Plaintiff, <br><br> v. <br><br> HOOK-SUPERX LLC d/b/a CVS PHARMACY, <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO.: 4:18-CV-73-JVB-JEM <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Petition for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [DE 61] filed on June 4, 2021. No response was filed.

Plaintiff Tiffany Faulkner has brought suit against Defendant Hook-SupeRx for alleged negligence regarding a fall that Plaintiff sustained on Defendant's premises. The Court denied Defendant's motion for summary judgment, finding that Defendant owed a duty to Plaintiff as its business invitee and that genuine issues of material fact existed as to (1) whether Defendant breached its duty to Plaintiff regarding the placement of a chair, (2) (assuming a dangerous condition) whether Defendant should have expected that Plaintiff would not realize the danger or fail to protect herself against it, and (3) (assuming a dangerous condition) whether Defendant should have discovered the condition and its danger. The Court also noted that comparative knowledge is a matter for the factfinder to resolve.

## ANALYSIS

Defendant now asks the Court to issue a certificate of appealability. Under 28 U.S.C. § 1292(b):

> when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The moving party must present "a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). All elements must be met for a certificate of appealability to issue, and "[s]ection 1292(b) was not intended to make denials of summary judgment routinely appealable." *Ahrenholz*, 219 F.3d at 676.

The term "question of law" in § 1292(b) means "something the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. By way of example, "whether federal law preempts state business-tort law in suits between air carriers over routes and rates of service" is a question of law for the purpose of § 1292(b). *Id.* On the other hand, "the question of the meaning of a contract . . . when there is no other evidence but the written contract itself" is not. *Id.* at 676. A certificate of appealability is inappropriate if it "requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." *Id.* at 677.

The questions for which Defendant seeks certification of appealability are:

1. Whether Defendant owed a duty and/or breached such duty to Plaintiff when Defendant established through expert testimony and case law that a chair and/or its placement was not a hazardous condition;
2. Whether Plaintiff has waived any arguments regarding the condition being known, open, or obvious, including any exceptions to such doctrine because Plaintiff did not raise such arguments in reply to Defendant's summary judgment motion; and
3. Whether Defendant should have anticipated that Plaintiff would fail to protect herself from the chair.

The first question, on its face, would require examination of the expert testimony submitted with the summary judgment briefing and is thus not a question of law as the term is meant under § 1292(b). The second question is a repackaged request for a judicial determination that, on the

summary judgment briefing, there is no genuine issue of material fact that the chair was known, open, and obvious. Resolving this question, too, would require review of the evidence and arguments of record. Finally, the third question is tied to the facts of this case and is not "an abstract issue of law . . . suitable for determination by an appellate court without a trial record." *Ahrenholz*, 219 F. 3d at 677. Because Defendant has not presented a question of law as that term is applied in the 28 U.S.C. § 1292(b) analysis, the motion must be denied.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Petition for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [DE 61].

SO ORDERED on June 23, 2021.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT